Curia, per
O’Neall, J.
This case indirectly makes the same question which was formerly decided, and with which we remain satisfied, notwithstanding the frequent direct and indirect reviews to which it has been subjected. No one ever doubted that a carrier’s lien consists in a right to retain his cargo until paid his lien. But when he retains only a part and not the whole, I think he may be fairly required to measure the part retained by the amount due: if, in point of fact, he had no lien on account of damages sustained by the plaintiff, in the transportation of the goods, then the allowance of the balance of freight due to him is a new matter in mitigation of damages.
The true view of the case is to consider it as standing upon the proof, that the plaintiffs’ cotton was damaged to the amount of $358 61, which is a greater sum than the freight due, and when this was shown, the defendant’s right to retain for freight was also gone. For it all properly ought to be absorbed in damages: and if in the action brought by Ewart vs. Harkins’s administrator, the de *144 fendant had set off the freight, the whole matter would have been free from difficulty. If he did not choose so to do, the plaintiffs’s right cannot be thereby affected. The utmost which Harkins, in whose place the defendant is, could now ask in the case against him, "would be to diminish the damages in trover by deducting from the amount for which the cotton sold, as much as might remain of the freight, after deducting the uncollected balance of the damages found for the injury done to the cotton. This was done in this case; but it is said the defendant is injured by this course. How? He has $250 of the plaintiff’s cotton in his hands. If Harkins had set off the freight in the action against him, the defendant must have paid this whole sum, with interest and costs; as it is, he has $105 55 left in his hands to be accounted fór to Harkins, out of which he may retain his costs. In this way it seems to me he is benefitted. But it is agreed, the plaintiffs get more in the way in which they proceeded than they would if the freight had been deducted at law. If that had been done, they would have recovered the whole sum retained by Kerr for freight, $250, and their dividend on $148 65 the balance of their damages, say $86 07, making an aggregate of $358 61. Now they receive their dividend on $358 61, the demages found, $215 16, and $143 45, the verdict in this case, making an aggregate of $358 61. But they pay on account of the freight, the balance left in Kerr’s hands $106 65, which must be deducted from the.last aggregate, which leaves the amount really obtained by them, by the course of actions to which they have been driven $251 96, less by $84 11 than the sum to which they would have been otherwise entitled.
But these considerations really have nothing to do with this case; the recovery of damages against Harkins’ administrator could not restore the defendant’s lien. It was ended from the fact of injury done to the plaintiffs cotton to a greater amount. After the recovery, Harkins’ administrator might have brought a cross action for his freight, against which any balance due in the former recovery, would be set off. Without all this circuity this has been done in effect by the verdict here. The other grounds relating to interest may be disposed of at once, by simply re *145 marking that where the thing converted, is reduced to money in the hands of the defendant, the smallest measure of damages in trover, is always the amount received] from the conversion, with interest from the time of convert sion. The motion is dismissed.
M’Cready & Caldwell, for the motion.
Petigru & Lesesne, contra.
JOHN BELTON O’NEALL.
We concur. Josiah J. Evans, A. P. Butler, D. L„ Wardlaw.